In the Matter of MANGANARO FOODS Co. INC., Petitioner, against STATE LIQUOR AUTHORITY, Respondent.

First Department, June 7, 1955.

*Ambrose V. McCall, Jr.,* of counsel (*Harry D. Breslau* and *Coudert Brothers,* attorneys), for petitioner.

*Fred L. D'Ambrosi* of counsel (*Emanuel D. Black* with him on the brief; *Alvin McKinley Sylvester,* attorney), for respondent.

*Per Curiam.* This is a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the State Liquor Authority which, after a statutory hearing, disapproved petitioner's application for an eating place beer license.

Petitioner, a recently formed corporation, is the assignee of an agreement to purchase a delicatessen store in the city of New York. The agreement is conditioned upon petitioner obtaining a license to sell beer for " on premise " consumption. Mrs. Bettina Pirozzi is the sole stockholder of petitioner corporation; and she, her son and daughter, are the sole officers and directors.

Mrs. Pirozzi has been licensed by the State Liquor Authority since 1941 as majority stockholder, officer and director of another corporation licensed to operate a store in Westchester County for off-premises consumption of intoxicating liquors. Her two children are also officers and directors of this corporation. No complaints have ever been received concerning the fitness of Mrs. Pirozzi or her children to hold these licenses. It is also undisputed that the premises for which petitioner desires the license satisfy all the statutory requirements for the issuance of such a license.

In connection with petitioner's application, Mrs. Pirozzi made no secret of the fact that she proposed to borrow $16,000 from her husband in order to make the cash payments required for the purchase of the delicatessen store. Because of the proposed loan from Mr. Pirozzi, the local board disapproved the application on the ground that it was " [n]ot satisfied that the officers and directors are sole parties in interest."

Upon petitioner's application for review of the local board's determination, a statutory hearing was accorded her by the State Liquor Authority. It was evident that there was no objection to any of the persons who were parties to the original application. Mrs. Pirozzi explained that the reason for the proposed loan was that she did not wish to sacrifice certain securities she owned, and that her husband had available cash as the result of a recent award in a condemnation proceeding. She showed

that she had a net worth of over $53,000 and testified that she could and would consummate the purchase of the store without the contemplated loan. She stated she would use cash on deposit in savings accounts and sell stocks she owned to realize the required amount. Shortly thereafter she advised the hearing commissioner that she had concluded arrangements for a loan of $20,000 from a bank, using as collateral her own securities. Nevertheless, the Authority issued a final order of disapproval, finding that Mrs. Pirozzi did not '' appear to be the sole and exclusive party in interest in the business '' because her husband '' originally furnished all the assets '' to his wife.

Mrs. Pirozzi has stated, and it is not contradicted, that all of her capital assets had been held by her for more than twenty years and that they were derived in part from her parents' estates and in part from her husband. She asserts that she and her husband always maintained separate and distinct assets and sources of income. The Authority investigated petitioner's application thoroughly and intensively and in noway refutes these statements. Nor is there any suggestion that Mr. Pirozzi is in anyway personally debarred from procuring a license should he make application therefor. It was represented to the Authority that he did not wish to join in the application for a license because he was engaged in a construction business which commanded all of his time and attention.

Mrs. Pirozzi has testified that if petitioner acquired the delicatessen store, she would be the sole person financially interested in the business. There is no basis in the record for a contrary finding by the Authority. It has facilities for inspection of premises where beer is sold. If it apprehends that Mr. Pirozzi will participate in the conduct of the business without procuring a license, upon disclosure of such participation, the Authority may take appropriate action to suspend or revoke petitioner's license.

Accordingly, the determination of respondent disapproving petitioner's application for a license should be annulled and vacated and respondent directed to issue such license to petitioner.

COHN, J. P., CALLAHAN, BREITEL, BOTEIN and RABIN, JJ., concur.

Determination unanimously annulled, with $50 costs and disbursements to the petitioner, and respondent is directed to issue a license to petitioner. Settle order on notice.